UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTINA G. LYONS, | ) | |
| | ) | |
| Plaintiff-Counter Defendant | ) | |
| v. | ) | Case No. 1:19-cv-04221-TWP-MJD |
| | ) | |
| GENE B. GLICK COMPANY, INC., | ) | |
| d/b/a WOODBRIDGE APARTMENTS OF, | ) | |
| BLOOMINGTON, | ) | |
| | ) | |
| Defendant-Counter Claimant | ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment filed by Defendant Gene B. Glick Company, Inc. ("Glick") d/b/a Woodbridge Apartments of Bloomington (Indiana) ("Woodbridge Apartments") (collectively, "Defendants") (Dkt. 66). *Pro se* Plaintiff Christina G. Lyons ("Lyons") initiated this action on October 15, 2019, alleging that Glick violated the federal Fair Housing Act ("FHA") and committed other acts in violation of Indiana state laws, all stemming from her tenancy at the Woodbridge Apartments. (Dkt. 1.)  After the Court granted Glick's Motion to Dismiss, (Dkt. 33), Lyons appealed and on remand, the Seventh Circuit issued an order that retaliatory acts that Lyons alleged to have occurred between October and December 2017 as well as her state law claims, survived dismissal. (Dkt. 47 at 7.)  Glick seeks judgment as a matter of law on the claims before the Court. Lyons has not responded to Glick's summary judgment motion and the time for doing so has long passed.  For the reasons explained below, Defendants' unopposed Motion for Summary Judgment is **granted.**

## I.  LEGAL STANDARDS

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  On summary judgment, a party must show the court what

evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009).

To survive a motion for summary judgment, the non-moving (Lyons) party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). The court cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

Inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion. *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox Cnty. Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

As previously noted, Lyons did not respond to the Motion for Summary Judgment although she was served with the Motion and a separate Notice of her right to respond.  (*See* Dkt. 68.)  The consequence is that Lyons has conceded to Defendants' statement of undisputed facts. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see also*, S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion.  The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment.").  Although *pro se* filings are construed liberally, *pro se* litigants, such as Lyons, are not exempt from procedural rules.  *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "*pro se* litigants are not excused from compliance with procedural rules"); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced").  This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn.  *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II.   BACKGROUND

### A.   Procedural Background

Lyons initiated this action on October 15, 2019.  (Dkt. 1.)  Thereafter, Glick moved to dismiss the action for lack of subject matter jurisdiction, failure to state a claim upon which relief could be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and that the Complaint is barred by the claim preclusion branch of Indiana's *res judicata* doctrine. (Dkt. 21.) The Court granted the motion and dismissed Lyons' Count I: Disability Discrimination and Retaliation claims, with prejudice, finding these federal claims were barred under the *Rooker-*

*Feldman* doctrine.[1]  (Dkt. 33 at 5-8.)  As an alternative ground for dismissal of Lyons' Count I: Discrimination claim, the Court determined that this claim was also barred by the statute of limitations.  *Id.* at 8.  The Court declined to exercise supplemental jurisdiction over Lyons' state law claims of Count II: Negligence, Count III: Nuisance, Count IV: Breach of Contract, Count V: Bad Faith Business Practices, Count VI: Unfair Business Practices, and Count VII: Defamation of Character; and dismissed Counts II through VII of Lyons' Complaint without prejudice.  *Id.* at 9-10.  In doing so, the Court did not address whether Lyons' state law claims are barred by Indiana's *res judicata* doctrine.

Lyons filed a timely Notice of Appeal.  (Dkt. 36.)  On March 8, 2021, the United States Court of Appeals for the Seventh Circuit ("the Seventh Circuit") issued the following Mandate:

> We therefore AFFIRM the district court's dismissal of Lyons's federal claims regarding her eviction and events before October of 2017. We otherwise VACATE the judgment and REMAND for further proceedings consistent with this opinion.

(Dkt. 47 at 7 (emphasis in original).)  In particular, the Seventh Circuit stated that "one set of Lyons's federal claims is barred by *Rooker-Feldman* and another partially barred by the applicable statute of limitations" but, "Lyons … allege[d] a small subset of claims not barred by *Rooker-Feldman* and within the limitations period".  (Dkt. 47 at 5-8.)  This "small subset of claims" involves "some retaliatory acts – denials of maintenance requests, entries into her apartment, and "hostile" construction [that] occurred between October and December 2017."  *Id*. at 7.  The Seventh Circuit also reinstated Lyons' state law claims.  *Id*.

Following remand, Glick filed its Answer, Affirmative Defenses and Counterclaims to Lyons' Complaint.  (Dkt. 49.) On May 19, 2021, Glick moved for entry of a clerk's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure after Lyons failed to plead or otherwise

---

[1] *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

4

defend Glick's counterclaims.  (Dkt. 60.)  That Motion was granted, (Dkt. 63), and on October 29,

2021, a Clerk's Entry of Default was entered against Lyons for her failure to plead or otherwise

defend the counterclaims put forth by Glick.  (Dkt. 65.)

On October 4, 2021, Glick served Lyons with written discovery requests, pursuant to Rules

33, 34 and 36 of the Federal Rules of Civil Procedure, which included Requests for Admissions,

Interrogatories and Requests for Production.  (Dkt. 64.)  Lyons' written answers or objections to

Glick's Requests for Admissions were due on or before November 8, 2021; however, Lyons did

not provide answers or objections to Glick's Requests for Admissions on or before that date.  (Dkt.

67-2).  Glick moved for summary judgment on December 3, 2021. (Dkt. 66).

**B.     Undisputed Facts**

In March 2015, Lyons submitted an application for residency at Woodbridge Apartments

and entered into a lease agreement (the "Lease") with Glick on July 24, 2015.  (Dkt. 49-1.)  The

Lease provided that Glick could terminate the Lease if Lyons was in material non-compliance with

its terms.   *Id*. From the start, the landlord-tenant relationship between Lyons and Glick's

management was rocky and remained so during Lyons' tenancy.  Lyons made frequent requests

regarding pre-existing damage, needed repairs and maintenance and items needing replacement.

(Dkt. 1 at 7-8.)  In her Complaint, Lyons alleged that from October to December 2017, Glick's

lease consultant and construction subcontractor retaliated against her by denying requests for

maintenance, entering her unit unannounced, and completing construction projects around her

apartment in a hostile and unprofessional manner.  *Id*. at 14-19.  Specifically, Lyons Complaint

alleges that Glick "devised and acted on an elaborate scheme to force Plaintiff to vacate her

apartment" to retaliate against her "for exercising her right to a modification accommodation" of

her unit. *Id*. at 15.

5

Between January of 2017 and January of 2018, Lyons created numerous disturbances at the Woodbridge Apartments; threatened, and adversely affected, the health and safety of others; disturbed the quiet enjoyment of other tenants; and interfered with the management of Woodbridge Apartments. For example, beginning in January of 2017, Lyons repeatedly called the Bloomington, Indiana Police Department to complain about her downstairs neighbor, identified as Tenant A in the Complaint.  (Dkt. 21-2 at 51-60.)  Her downstairs neighbor eventually moved, and, in August of 2017, a new neighbor, identified as Tenant B in the Complaint, moved into the apartment beneath Lyons.  *Id.*  In October of 2017, Lyons complained to the Bloomington Police Department about her new downstairs neighbor multiple times, resulting in six (6) separate police reports.  Each of the complaints about Tenant A and Tenant B was investigated by the Bloomington Police Department, and Glick, and each was determined to be without merit.  On October 18, 2017, Lyons entered the Woodbridge Apartments' management office and verbally abused an assistant property manager.   (Dkt. 21-2 at 48.)  On October 20, 2017, Lyons was observed by another assistant property manager loudly yelling obscenities from her apartment.   Other residents also observed Lyons' actions and complained about her excessive noise. (Dkt. 21-2 at 48.)  That same day, Lyons was sent a notice from Glick informing her she was in violation of the Lease Contract due to her recent actions.  (Dkt. 21-2 at 47.)  On October 23, 2017, Lyons was sent another notice informing her that she had again breached the Lease Contract due to additional behavior, including yelling, screaming, and using foul language toward the Woodbridge Apartments maintenance staff. The incident was witnessed, and documented by, other residents, the Woodbridge Apartments office staff, and the Bloomington Police Department.  (Dkt. 21-1 at 49.)  The October 23, 2017 notice informed Lyons that because she'd committed her third leave violation within 12 months, her "lease contract will be terminated 30 days from this letter effective November 22nd, 2017 at 5:00 PM."  (Dkt. 21-2 at 50.)

Lyons did not vacate the apartment by 5:00 p.m. on November 22, 2017, and on November 28, 2017, Glick filed the State Court Action in the Monroe County, Indiana Circuit Court No. 8 (Dkt. 21-3 at 2-60.)   Following Glick's termination of the Lease Contract, but pending the hearing in the State Court Action, Lyons continued to perform acts to disrupt the livability of the Woodbridge Apartments, threaten and adversely affect the health and safety of others, disrupt the quiet enjoyment of other Woodbridge Apartments residents, and interfere with the management of the Woodbridge Apartments.  (Dkt. 67 at 3.)   Among other incidents, on November 28, 2017, Lyons verbally assaulted and threatened the safety of representatives of American Window, a Glick contractor, when the representatives attempted to install replacement windows in Lyons' apartment.  (Dkt. 21-3 at 97.)   The entire time the American Window representatives were on the property, Lyons berated and directed profanity towards them.  *Id.*   Also on November 28, 2017, Lyons again called the Bloomington Police Department to complain about her downstairs neighbor, Tenant B.   The responding officer reported that Lyons became "defensive and refused services from police," and threatened to "contact the chief [of police] directly" if the responding officer did not assist her.  *Id.* at 101.   Glick was notified of, and addressed, the incident.   On December 7, 2017, Lyons contacted the Glick corporate office via email to again complain about Tenant B.   *Id.* at 103.   Glick reviewed, investigated, and addressed each of Lyons' allegations and determined them to be false.

Following a contested eviction hearing, in which Lyons was represented by counsel, a judge in the Monroe County, Indiana Circuit Court issued an Order requiring Lyons to vacate the premises by February 9, 2018.  (Dkt. 21-3 at 5.)   On February 23, 2018, Lyons initiated an appeal of the Monroe County Circuit Court Order to the Indiana Court of Appeals.  (Dkt. 21-2 at 75.) The appeal was decided in Glick's favor on May 9, 2019, when the Indiana Supreme Court denied Lyons' Petition to Transfer, upholding the Indiana Court of Appeals opinion in *Lyons v. Gene B.*

7

*Glick Co., Inc. for Woodbridge of Bloomington*, 119 N.E.3d 233 (Ind. Ct. App. 2018), trans. denied, 127 N.E.3d 230 (Ind. 2019).  (Dkt. 21-4, Dkt. 21-5.)  Lyons did not appeal the state court ruling to the United States Supreme Court, instead, on October 15, 2019--five months after losing in state court--Lyons filed a Complaint with this Court alleging Glick violated the federal Fair Housing Act ("FHA") and committed other acts in violation of Indiana state laws.

## III.   DISCUSSION

Lyons' Fair Housing Act violation claim against Glick's lease consultant and construction subcontractor for alleged retaliatory acts that occurred after October 2017 is before the Court on remand, as well as her state law claims for negligence, nuisance, breach of contract, unfair business practices, and defamation.

The FHA states in relevant part, "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice,…to obtain appropriate relief with respect to such discriminatory housing practice or breach."  42 U.S.C. § 3613(a).  In her FHA violation claim, Lyons alleges that from October to December 2017, Glick's lease consultant and construction subcontractor retaliated against her by denying requests for maintenance, entering her unit unannounced, and completing construction projects around her apartment in a hostile an unprofessional manner.  As noted by the Seventh Circuit, the FHA imposes liability "in accordance with traditional agency principles."  *Meyer v. Holley*, 537 U.S. 280, 282 (2003).  And under those principles, in limited circumstances a principal may be liable for the wrongdoing of an independent contractor. See *Aguirre v. Turner Constr. Co.*, 582 F.3d 808, 810 (7th Cir. 2009); RESTATEMENT (THIRD) OF AGENCY § 1.01 cmt. c (2006).

Glick argues that it is entitled to summary judgment on two bases.  First, it contends that all matters in its Requests for Admissions are deemed admitted due to Lyons' failure to serve

written answers or objections under Federal Rule of Civil Procedure 36 and 8 (B), and the undisputed facts establish that it is entitled to judgment as a matter of law on Lyons' federal claims. Second, Glick contends that Lyons' state law claims are undisputed and barred by Indiana's *res judicata* doctrine.  The Court will first discuss Lyons' admissions under Rule 36 and 8(B)before turning to the substantive claims.

## A.    Rule 36 and Rule 8 (B) Admissions

Rule 36 of the Federal Rules of Civil Procedure, provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A).  "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).  Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987).

Fed. R. Civ. P. 8(b)(6) provides that "[a]n allegation – other than one related to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."  It is undisputed that Lyons failed to answer or otherwise deny any of the allegations set forth in Glick's Counterclaims.  (Dkt. 60.)  Thereafter, a Clerk's Entry of Default pursuant to Rule 55(a) was entered on October 29, 2021.  (Dkt. 65.)  Glick argues that the allegations in its Counterclaims are now deemed admitted and those admissions may serve as the basis for summary judgment. (Dkt. 67 at 16.)

The Court is persuaded. In failing to respond to Glick's Requests for Admissions within thirty (30) days of service, Lyons admitted "the truth of all matters therein stated." *Mangan v.*

*Broderick & Bascom Rope Co.*, 351 F.2d 24, 28 (7th Cir. 1965).  By her failure to serve written answers, objections or otherwise respond under Federal Rule of Civil Procedure 36 and 8(B)(6); Lyons has conclusively admitted multiple facts and those admissions may serve as the basis for summary judgment.

**B.**     **Lyons' Fair Housing Act Claim**

    42 U.S.C. § 3617 states in relevant part,

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C.A. § 3617.

> [I]n order to prevail on a § 3617 claim, the plaintiff must show that "(1) [s]he is a protected individual under the FHA [ ], (2)[s]he was engaged in the exercise or enjoyment of [her] fair housing rights ..., (3) Defendants were motivated in part by an intent to discriminate, or their conduct produced a disparate impact, and (4) Defendants coerced, threatened, intimidated, or interfered with Plaintiff on account of [her] protected activity under the FHA[ ].

*E.-Miller v. Lake Cty. Highway Dep't*, 421 F.3d 558, 563 (7th Cir. 2005). "[A] showing of intentional discrimination is an essential element of a § 3617 claim." *Id.*

    In her Complaint, Lyons alleges that from October to December 2017, Glick's lease consultant and construction subcontractor retaliated against her by denying requests for maintenance, entering her unit unannounced, and completing construction projects around her apartment in a hostile and unprofessional manner.  (Dkt.  1 at 14-19.) The FHA imposes liability "in accordance with traditional agency principles."  *Meyer v. Holley*, 537 U.S. 280, 282 (2003). But as explained by the Seventh Circuit, "[f]urther fact development, therefore, is needed to determine whether Glick is liable for these acts." *Lyons v. Glick* 844 Fed. Appx. 866, 869 (7th Cir. 2021).

Lyons has designated no evidence to support her allegations of intentional discrimination. Glick on the other hand, argues that Lyons has conclusively admitted facts which establish that it had no discriminatory intent. In particular, according to Glick, Lyons has admitted that it did not coerce, threaten, intimidate, or interfere with her housing rights, (Dkt. 67-1 at 4, ¶ 10); Glick accommodated Lyons and at no times retaliated against her during or after her tenancy at the Woodbridge Apartments, *id*. at 4 ¶ 11; Glick complied with all federal, state and local laws and ordinances applicable during Lyons' tenancy at the Woodbridge Apartments, *id*. at 3, ¶ 1; Glick complied with all federal, state and local housing laws and ordinances applicable during Lyons' tenancy at the Woodbridge Apartments, *id.* at 3 ¶ 2; and Glick had a legitimate, non-retaliatory reason for its actions taken during Lyons' tenancy at the Woodbridge Apartments, *id.* at 3, ¶ 5. Glick further contends that Lyons has conclusively admitted that her repeated violations of her Lease contract with Glick was the sole cause for the termination of her tenancy at the Woodbridge Apartments, *id.* at 4, ¶ 6. In terminating Lyons' tenancy at the Woodbridge Apartments, Glick carried out its duty to protect the health, safety, and quiet enjoyment of other residents and to protect the health and safety of its employees and to provide its employees with a non-hostile work environment, *id.* at 4, ¶ 7; Lyons engaged in behavior that created, or threatened to create, a hostile living environment for other residents and a hostile working environment for management staff, *id*. at 4, ¶ 8. In terminating Lyons' tenancy, Glick took the steps necessary and required by law, to provide a healthy and safe environment for its residents and management staff. *Id*. at 4, ¶ 8. Lyons was a threat to the health and safety of other residents, the management staff and third party contractors of Glick. *Id*. at 4, ¶ 9. Glick enforced all resident selection regulations and fully investigated any alleged nuisances and disturbances by other residents and visitors of the Woodbridge Apartments; all alleged nuisances as reported by Lyons to Glick were determined to

be unfounded and Glick did not create an adverse or hostile living condition for Lyons. *Id.* at 5, ¶ 12.

The Court is persuaded that Lyons has not established discriminatory intent by Glick through either the direct method or the *McDonnell Douglas* burden-shifting method because she has conclusively admitted facts that prevent her from establishing a *prima facie* case of retaliation. Moreover, Lyons has not presented any argument or evidence to show that Glick exercised supervisory authority or was otherwise liable for the actions of its independent contractors such as its lease consultant and construction subcontractor from October to December 2017. Accordingly, summary judgment is entered in Glick's favor as to the claims before the Court in Count I of the Complaint.

### C.   Lyons' State Law Claims

Glick argues summary judgment is appropriate on Lyons' state law claim for two reasons. First, given Lyons' admissions, she cannot establish the elements of any of her state law claims. Second, because Lyons failed to assert her state law claims of discrimination, retaliation, negligence, nuisance, breach of contract, bad faith business practices, unfair business practices and defamation of character in the State Court Action, those claims (as well as Lyons' entire Complaint) are barred by Indiana's *res judicata* doctrine and, accordingly, Lyons may not assert those claims in this action.

The Court has previously determined that by failing to serve written answers, objections or otherwise respond under Federal Rule of Civil Procedure 36 and 8(B)(6), Lyons has conclusively admitted multiple facts. As detailed in Glick's briefing, those admissions defeat her state law claims. (Dkt. 67 at 22-29). Accordingly, summary judgment is warranted on those claims.

Alternatively, as argued by Glick, the doctrine of *res judicata* defeats the state law claims. *Res judicata* ensures the finality of decisions. *Brown v. Felsen*, 442 U.S. 127, 131, 99 S. Ct. 2205,

2209, 60 L. Ed. 2d 767 (1979).  "*Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Id*. (emphasis added).  The four factors that must be present under Indiana law for the claim preclusion component of *res judicata* to apply are:

> (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between parties to the present suit or their privies.

*Freels v. Koches*, 94 N.E.3d 339, 342 (Ind. Ct. App. 2018) (emphasis added).

Glick contends that each factor is met and all of and Lyons' federal and state claims are barred by the claim preclusion branch of Indiana's *res judicata doctrine*.  (Dkt. 67 at 30.)  Glick argues that "Lyons has contrived a federal claim of discrimination and retaliation in an attempt to relitigate claims that she failed to bring in the State Court Action, but which arose out of the same set of operative facts litigated in the State Court Action – her tenancy at the Woodbridge Apartments".  *Id*. at 33.  The Seventh Circuit has determined that "prior litigation acts as a bar not only to those issues which were raised and decided in the earlier litigation but also to those issues which could have been raised in that litigation."  *Alexander v. Chicago Park District*, 773 F.2d 850, 854 (7th Cir. 1985).

The Court concludes that the first factor of claim preclusion is satisfied.  The State Court Action was decided by the Monroe County Circuit Court, a court of competent jurisdiction.  The State Court Action was then reviewed on appeal by the Indiana Court of Appeals, with transfer ultimately denied by the Indiana Supreme Court.  Glick prevailed at each stage of the State Court Action.  Because the Monroe County judgment was rendered by a court of competent jurisdiction, the first factor is satisfied.

The second factor -- that the former judgment must have been rendered on the merits -- is also satisfied.  At the January 24, 2018 contested hearing, Lyons was represented by counsel, she had an opportunity to be heard and testified on her own behalf.  The Monroe County Circuit Court provided Lyons all due process protection but found in favor of Glick.

As to the third factor, Glick asserts that,

> Lyons' claims for damages all relate to her tenancy at the Woodbridge Apartments. The State Court Action involved the rights and duties arising from the Lease Contract between Glick and Lyons. It was Lyons' tenancy at the Woodbridge Apartments that was the subject of the State Court Action. Lyons' alleged injuries occurred well in advance of the State Court Action. Lyons could have brought her claims of discrimination, retaliation, negligence, nuisance, breach of contract, bad faith business practices, unfair business practices and defamation of character in the State Court Action. Neither Glick nor Monroe County Circuit Court prevented Lyons from bringing those claims in the State Court Action. Lyons is not permitted to have a second bite at the apple after failing to bring her claims in the underlying lawsuit.

(Dkt. 67 at 34.)   The Court is persuaded that the third factor of claim preclusion is satisfied. Lyons could have (and should have) raised her claims in the State Court Action.

Finally, the Court notes that the parties to the State Court Action were Gene B. Glick Company, Inc. as managing agent for Woodbridge of Bloomington and Christina Lyons.  These are the same parties that are the subject of this cause of action.  Thus, the fourth factor of claim preclusion -- the controversy adjudicated in the former action must have been between parties to the present suit -- is satisfied.

Having satisfied all of the factors under Indiana's claim preclusion doctrine, summary judgment is warranted on Counts I, II, III, IV, V, VI and VII.

### III.   CONCLUSION

For the reasons stated above, Defendants Motion for Summary Judgment, Dkt. [66], is **GRANTED.**  A Rule 55(a) clerk's entry of default has been entered against Lyons and in favor

14

of Glick as to Glick's counterclaims. (Dkt. 65). Final judgment to close this case will issue under separate order once a Default Judgment or other final order is made on the counterclaims.

**SO ORDERED.**

Date: 7/20/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christina G. Lyons
P.O. Box 8703
Bloomington, Indiana  47407

James F. Beatty
LANDMAN & BEATTY
jfbeatty@landmanbeatty.com

Kathryn M. Merritt-Thrasher
LANDMAN BEATTY, LAWYERS, LLP
kmerritt-thrasher@landmanbeatty.com